# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN M. JOHNSON, | 1:12-CV-01178 BAM HC |
| Petitioner, | |
| v. | ORDER DISMISSING CLAIMS |
| G. SWARTHOUT, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On July 10, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner challenges his 2008 conviction in Kern County Superior Court for three counts of second degree murder, conspiracy to commit murder, and accessory after the fact. He presents the following claims for relief: 1) He alleges a witness for the prosecution provided false testimony to the jury which the prosecutor knew to be false, in violation of his constitutional rights; 2) He claims defense counsel rendered ineffective assistance by failing to challenge the false testimony of a witness; 3) He claims review should be granted to decide the question left unresolved by the California Supreme Court in People v. Batts, 30 Cal.4th 660 (2003); 4) He claims review should be granted to clarify when gang evidence is inadmissible, and if admissible, to what ends it may be used; 5) He claims the

evidence was insufficient to support the jury's finding, because a witness's testimony was physically impossible or inherently unbelievable; 6) He alleges false evidence within the meaning of Cal. Penal Code § 1473(b) was introduced against Petitioner; 7) He claims defense counsel rendered ineffective assistance by failing to demonstrate to the jury that a witness was unbelievable; and 8) He alleges the prosecutor committed misconduct by failing to turn over Brady material to the defense.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2254(a) of Title 28 of the United States Code provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

U.S. District Court
E. D. California        cd                              2

1  resulted in a decision that was contrary to, or involved an unreasonable application
2  of, clearly established Federal law, as determined by the Supreme Court of the
   United States; or resulted in a decision that was based on an unreasonable
3  determination of the facts in light of the evidence presented in the State court
   proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case with respect to several claims, Petitioner fails to state a cognizable federal claim. In his third ground for relief, Petitioner claims review should be granted to decide the question left unresolved by the California Supreme Court in People v. Batts, 30 Cal.4th 660 (2003). This claim is entirely one of state law and fails to present a federal question. It must be dismissed. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

In his fourth ground, he takes issue with the trial court's admission of gang evidence. He presents several instances where he disagrees with the trial court's rulings on the admission of evidence. However, his claims do not present a federal basis. He merely disputes the state court's admission of evidence under state law. Moreover, his claim is entirely conclusory in that Petitioner states his contentions with no additional description or supporting facts. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'").

In his sixth ground for relief, Petitioner alleges false evidence was introduced against him within the meaning of Cal. Penal Code § 1473(b). He argues that the holdings of several California

1  cases lead to the conclusion that the testimony of witness Curtis Rufus was false within the meaning
2  of the California statute.  This ground for relief fails to present a federal claim.  Petitioner does not
3  allege a violation of the Constitution or federal law.  He presents only a claim of state law, and
4  generally, such issues of state law are not cognizable on federal habeas. Estelle, 502 U.S. at 67 ("We
5  have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "),
6  *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore, 508 U.S. at 348-49 (O'Connor, J.,
7  concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation,
8  may not be corrected on federal habeas"); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert.*
9  *denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas
10 relief).  Federal courts are bound by state court rulings on questions of state law. Oxborrow v.
11 Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).  In addition, "the
12 availability of a claim under state law does not of itself establish that a claim was available under the
13 United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams,
14 489 U.S. 401, 409 (1989).

15       Finally, the Court notes that in the seventh ground for relief, Petitioner alleges defense
16 counsel was ineffective because he failed to challenge witness Curtis Rufus' testimony as false.  This
17 claim is duplicative of his second claim for relief.  Because the seventh claim for relief is more
18 detailed in its argument, the second claim for relief will be dismissed as an independent claim.

19                                              **ORDER**

20       Accordingly, IT IS HEREBY ORDERED that Grounds Two, Three, Four and Six are
21 DISMISSED from the petition for failure to state a cognizable federal claim.  The case will proceed
22 on Grounds One, Five, Seven and Eight of the petition.

23       IT IS SO ORDERED.

24       Dated:   __August 2, 2012__            __/s/ Barbara A. McAuliffe__
                                                UNITED STATES MAGISTRATE JUDGE
25
26
27
28